JUDE G. GRAVOIS, Judge.
|2This appeal concerns litigation arising out of an automobile accident that occurred in Jefferson Parish on December 25, 2004 on the southbound elevated portion of Causeway Boulevard on or immediately south of the elevated interchange between Causeway Boulevard and Airline Drive. Plaintiff, Guy Sharpless, filed suit against several defendants, including the Louisiana Department of Transportation and Development (“DOTD”), the Parish of Jefferson Road District No. 1 (“the Parish”), and Progressive Security Insurance Company (“Progressive”), who have all since been dismissed from the case.[1] The remaining defendant, the Greater New Orleans Expressway Commission (“GNOEC”), filed a motion for summary judgment seeking dismissal from the case, arguing that it did not have custody or control over the portion of Causeway Boulevard where the accident is alleged to have occurred. The trial court granted GNOEC’s motion for summary judgment. The trial court also granted GNOEC’s motion to quash a |ssubpoena duces tecum directed to GNOEC requested by plaintiff. Plaintiff appeals these judgments. For the reasons that follow, we affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed suit on December 27, 2005 against the Parish, DOTD, Progressive (as plaintiffs uninsured motorist earner), and John Doe, an unknown driver who allegedly caused the accident. Plaintiffs petition alleged that he was driving southbound over the Causeway Boulevard/Airline Highway[2] elevated interchange when he was struck from the rear by the Doe vehicle,[3] propelling him across the median into oncoming traffic where he collided with a vehicle being driven by Christina Smith. The petition alleged that defendants were liable because the roadway was heavily iced over at the time of the collision and the median was substandard.
In 2009, plaintiff filed an amended petition naming GNOEC as an additional defendant based upon discovery that revealed that GNOEC could also have had “jurisdiction” over the accident site. In May of 2011, GNOEC, DOTD, and the Parish filed a joint motion for summary *1119 judgment seeking dismissal from the case on the basis that the overpass where the accident occurred was built in compliance with all applicable safety standards, was never reconstructed, and therefore was not required to be upgraded to the modern American Association of State Highway and Transportation Officials standards. The motion further argued that none of the defendants/movers had any knowledge that the roadway was icy. After the filing of opposition memoranda and replies, along with further discovery, the trial court heard and denied the motion in open court on August 17, 2011, on the basis that 14genuine issues of material fact remained regarding the asserted bases for summary judgment. A judgment to that effect was signed on September 9, 2011.
On October 3, 2011, GNOEC filed the motion for summary judgment that is the subject of this appeal, alleging that based upon all discovery, including several documents and affidavits introduced by plaintiff at the hearing on the previous motion for summary judgment, it was clear that GNOEC had no control or custody over the portion of Causeway Boulevard, either on the “flyover” portion over the Causeway/Airline interchange or on any portion of Causeway Boulevard south of the interchange, where the accident is alleged to have occurred. Plaintiff opposed the motion. The trial court granted the motion for summary judgment in a written judgment signed on January 27, 2012. Following this judgment, plaintiff reached a settlement with DOTD, which was dismissed with prejudice. Plaintiff thereafter timely filed this devolutive appeal.
Also pertinent to this appeal, following the previous denial of the joint motion for summary judgment, plaintiff filed a subpoena duces tecum directed to GNOEC for production of any of its internal records pertaining to GNOEC’s knowledge of the weather conditions on the day of the accident and weather closing data in possession of GNOEC. GNOEC moved to quash the subpoena on the grounds that its knowledge of the weather conditions and whether the Causeway bridge was closed that day due to weather conditions were irrelevant in light of its position that it had no control or custody of the portion of the roadway where the accident is alleged to have occurred. The motion to quash was heard in conjunction with the motion for summary judgment currently on appeal and was granted by the trial court in a separate written judgment also signed on January 27, 2012. Plaintiff also appeals that judgment.
IfiOn appeal, plaintiff argues that the trial court erred in granting summary judgment in favor of GNOEC because material issues of fact remain as to whether GNOEC had control over the relevant portion of the roadway. Plaintiff also argues that the trial court erred in granting the motion to quash the subpoena, claiming that allowing execution of the subpoena will reasonably lead to the discovery of relevant evidence.

LAW AND ANALYSIS

Appellate courts review a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Hines v. Garrett, 04-0806 (La.6/25/04), 876 So.2d 764, 765. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Smith v. Our *1120 Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751. An issue is a genuine issue if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. Id.
Summary judgment procedure is intended to make a just and speedy determination of every action. La. C.C.P. art. 966. It is favored and the procedure shall be construed to achieve this intention. Id. Under La. C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists. |6If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, the nonmoving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Paternostro v. Wells Fargo Home Mortg., Inc., 09-469 (La.App. 5 Cir. 12/8/09), 30 So.3d 45.
Plaintiff argues that the trial court erred in granting summary judgment in favor of GNOEC because material issues of fact remain as to whether GNOEC had control over the relevant portion of the roadway where the accident is alleged to have occurred. In its memorandum in support of its motion, GNOEC maintained that while the parties disagreed as to whether the accident occurred on the interchange, or on south side of the interchange,[4] it was undisputed that the accident occurred on the elevated portion of the Causeway/Airline interchange, and that since GNOEC did not own or control that portion of the roadway, nor was it responsible for its maintenance, it could not be liable for plaintiffs injuries.
In support of its motion for summary judgment, GNOEC submitted as exhibits: 1) the petition and amended petition; 2) ordinance 5364 of Jefferson Parish dated January 4, 1962; 3) an Agreement entered into between the Parish, GNOEC, and DOTD dated February 20, 1962; 4) plaintiffs Second List of Disputed Facts filed on August 9, 2011 (with the previous joint motion for summary judgment) wherein plaintiff maintained that DOTD did in fact have the care, custody, and control of the relevant portion of the roadway; and 5) House |7Concurrent Resolution no. 82 from 2004. These exhibits, GNOEC argued, showed that as of 1962, it had no custody or control over the relevant portions of Causeway Boulevard, and further had no responsibility to maintain that roadway. Hence, GNOEC argued that it was entitled to summary judgment as a matter of law.
Plaintiff opposed GNOEC’s motion by arguing that: 1) the 1962 Agreement showed that GNOEC had built the structure containing the defect sued upon (the alleged inadequate median); and 2) in the 1962 Agreement, GNOEC retained the right to control ingress and egress from the structure. Therefore, plaintiff argued that GNOEC was hable in solido with the remaining defendant (DOTD, as of that time) for the condition of the roadway at the time of the accident in 2004.
Ordinance 5364 gave the Parish authority to enter into the 1962 Agreement with *1121 GNOEC and DOTD. The 1962 Agreement states that GNOEC constructed portions of Causeway Boulevard and constructed the Causeway Boulevard and the Airline Highway Intersection. In pertinent part, the 1962 Agreement states:
WHEREAS, questions have arisen among the Parish of Jefferson, The Greater New Orleans Expressway Commission and the State Department of Highways[5] regarding maintenance and upkeep of Causeway Boulevard and that portion of the Causeway Boulevard/Airline Highway Interchange constructed by The Greater New Orleans Expressway Commission; and
WHEREAS, it is the desire of the Parish of Jefferson, The Greater New Orleans Expressway Commission and the State Department of Highways to resolve these questions finally and irrevocably;
NOW THEREFORE, BE IT AGREED BY AND BETWEEN THE PARTIES HERETO, The Parish of Jefferson ..., and the State Department of Highways ..., and The Greater New Orleans Expressway Commission ...,
AS FOLLOWS:
For and in consideration of the sum of FORTY THOUSAND NINE HUNDRED FIFTY AND NO/100 ($40,-950.00) DOLLARS paid in cash by The Greater New Orleans Expressway Commission, | ^receipt of which is hereby acknowledged by the Parish of Jefferson, and the sum of TWENTY-TWO THOUSAND AND FIFTY AND NO/100 ($22,-050.00) DOLLARS paid in cash by the State Department of Highways, and other consideration, receipt of which is hereby acknowledged by the Parish of Jefferson, the Parish of Jefferson agrees to maintain, at its own expense, in perpetuity, in good condition, and in accordance with generally acceptable standards of maintenance for highways and roads of comparable use and capacity; and to assume the responsibility for lighting and other electrical expenses including traffic control lights incurred on that portion of Causeway Boulevard, including service roads, which extends from a point of beginning at the present location of the toll booths of Greater New Orleans Expressway Commission at the South Toll Plaza and extending to the Causeway Boulevard/Airline Highway Interchange, and that portion of the Airline Highway/Causeway Boulevard Interchange which was constructed by The Greater New Orleans Expressway Commission through their then consulting engineers, Palmer & Baker, Inc., under Contract No. 65-3 dated October 26, 1955, and recorded in the records .of Jefferson Parish.
The parties to this agreement herewith confirm the power and responsibility of The Greater New Orleans Expressway Commission to control egress and ingress to that portion of the paved roadways on Causeway Boulevard and the Airline Highway/Causeway Boulevard Interchange affected herein, constructed by it with revenue bond proceeds and the power to control said egress and ingress is herewith specifically reserved unto itself by The Greater New Orleans Expressway Commission.
It is understood and agreed that consulting engineers to The Greater New Orleans Expressway Commission under the provisions of the Trust Agreement securing the revenue bonds issued by the Commission will continue to make periodic inspections of those portions of the project on Causeway Boulevard that were constructed by the Commission from bond proceeds and that under this Agreement will hereafter be fully main *1122 tained by the Parish of Jefferson; and that said consulting engineers will continue to make recommendations regarding proper maintenance of such construction.
House Concurrent Resolution no. 82 (2004) notes that Causeway Boulevard from Jefferson Highway north to the south right of way line of U.S. Highway 61 (Airline Drive) is designated as Louisiana Highway 3046 and is part of the state highway system. The Resolution also notes that the portion of La. 3046 which is included in the state highway system ends in the middle of the Causeway Boulevard at Airline Drive interchange overpass, which portion encompasses more than fifty percent of the structure. The Resolution further notes that DOTD was ^thereby currently responsible for maintenance of more than half of the interchange overpass and that Jefferson Parish was responsible for the remaining portion of the structure, and that maintenance of the structure has been impractical and inefficient. The Resolution therefore proposed that the Legislature, in conjunction with the Parish, request DOTD to extend La. 3046 to the northern foot of the interchange overpass and to assume responsibility of maintenance of the same.
GNOEC argues that these two documents (the 1962 Agreement and the 2004 Resolution) together conclusively establish that at the time of the accident in 2004, either the Parish or DOTD had custody and control of the relevant portion of Causeway Boulevard where the accident is alleged to have occurred, but not GNOEC. GNOEC further points out that plaintiff himself has maintained throughout this litigation that the State (DOTD) had the care, custody, control, and maintenance responsibility of the roadway, as evidenced by plaintiff’s Second List of Disputed Facts and plaintiffs Third List of Disputed Facts filed into the record. GNOEC maintains that whereas the 1962 Agreement suggests that GNOEC may have maintained certain rights over the egress and ingress portions of the interchange overpass (the ramps and traffic circle), the accident involved herein did not occur on those portions of the roadway, nor did the plaintiff access Causeway Boulevard from those portions of the roadway. Thus, GNOEC cannot be liable for the accident.
We agree with GNOEC’s arguments. The evidence submitted in support of the motion for summary judgment clearly establishes that after 1962, GNOEC no longer had custody, control, or maintenance responsibilities regarding the relevant portion of Causeway Boulevard. Nor does the 1962 Agreement’s retention to GNOEC of control of ingress and egress to the structure constitute a genuine issue |inof material fact in this case where those portions of the roadway were not involved in this accident.
We note that House Concurrent Resolution no. 82 (2004) appears to be nonbinding. However, in this case, its evidentiary value stems not from its binding nature, but from its acknowledgement that DOTD and the Parish (and not GNOEC) had the care, custody, control, and maintenance responsibility for the relevant portions of Causeway Boulevard in 2004 shortly before this accident. Accordingly, because no genuine issue as to material fact remains and GNOEC is entitled to judgment as a matter of law, we find no error in the trial court’s grant of summary judgment in favor of GNOEC in this case.

MOTION TO QUASH

Plaintiff also argues that GNOEC’s motion to quash should not have been granted, first because GNOEC clearly raised its supposed lack of knowledge of the weather conditions as a defense at trial, and further because discovery of evidence of GNOEC’s knowledge of weather conditions may lead *1123 to the discovery of other admissible evidence. For the following reasons, we find these arguments to be without merit.
First, GNOEC’s arguments regarding its lack of notice of icy conditions on the roadway at the time of the accident were asserted in the previous joint motion for summary judgment by the defendants that was denied by the trial court on September 7, 2011, as noted above. Second, GNOEC’s current motion for summary judgment that was granted by the trial court asserted a different ground for relief: its lack of control or custody over the relevant portion of Causeway Boulevard. The trial court’s grant of summary judgment in GNOEC’s favor and this Court’s affirmance thereof, supra, makes the issue of GNOEC’s knowledge of |ueither the weather forecast or of actual weather conditions at the time of the accident irrelevant and moot. Further, as there are no remaining defendants (with the subsequent dismissal of DOTD), the possibility that this information would lead to the discovery of admissible evidence is likewise moot.

CONCLUSION

For the reasons stated above, the summary judgment rendered in favor of GNOEC and the judgment granting GNOEC’s motion to quash are affirmed.

AFFIRMED

.Progressive was dismissed on May 23, 2011. The Parish was dismissed on October 20, 2011. DOTD was dismissed via a settlement agreement after summary judgment was rendered in favor of appellee herein, the Greater New Orleans Expressway Commission.

. Airline Highway is now known as Airline Drive.

. Subsequent pleadings in this record identify the Doe vehicle as the Santamaría vehicle.

. Plaintiff's affidavit submitted in opposition to the 2011 joint motion for summary judgment attests that when the accident occurred, he was traveling southbound on Causeway Boulevard over the Airline Highway interchange and had already passed the highest point of the overpass, and that his vehicle came to rest on the southern elevated portion of Causeway Boulevard.

. Now known as DOTD.