WICKER, Judge.
[^Plaintiff, Michelle Sheffle, appeals the granting of summary judgment in favor of defendants, Wal-Mart Louisiana, LLC and Wal-Mart Real Estate Business Trust. Because we find that a genuine issue of material fact exists, precluding summary judgment in this case, we reverse the trial court’s judgment and remand this matter to the trial court for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Michelle Sheffle, filed suit in the Twenty-Fourth Judicial District Court against Wal-Mart Louisiana, LLC and Wal-Mart Real Estate Business Trust (hereinafter collectively referred to as “Wal-Mart”) alleging that she sustained personal injuries when she slipped on a clear substance while shopping at Wal-Mart’s Harahan location store on December 27, 2005. After the parties conducted preliminary discovery, Wal-Mart filed a motion for summary judgment asserting that plaintiff cannot satisfy her burden of proof under La. R.S. 9:2800.6.[1] *82 IsSpecifícalIy, Wal-Mart argued that plaintiff could not prove that it had constructive or actual notice of the substance she alleges caused her to slip; further, Wal-Mart asserted that plaintiff could not show that the liquid remained in the store aisle for a specific period of time prior to the accident to satisfy the temporal element under La. R.S. 9:2800.6.
Plaintiff filed an opposition to Wal-Mart’s motion for summary judgment. In opposition, plaintiff attached numerous exhibits, including Wal-Mart’s discovery responses. Through their discovery responses, Wal-Mart admitted that there was water on the floor in the area where plaintiffs accident occurred and that Wal-Mart associates are trained to continuously inspect and zone them departments for hazardous conditions. Plaintiff also attached her deposition testimony describing the events leading up to the slip and the La. C.C.P. art. 1442 deposition testimony of Wal-Mart representative James Thomas Raines. Mr. Raines testified that the site of plaintiffs slip would be considered a main aisle of the store, located between the jewelry counter and a line of cash registers, and that employees are trained to continuously conduct “safety sweeps” of their assigned departments or areas.[2] Plaintiff further produced the deposition testimony of Jess Robinson, Jr., the assistant manager on duty at the time of the accident. Mr. Robinson responded to the scene after the accident and completed an accident report, verifying the |4presence of a twelve-inch puddle of water on the floor where the accident occurred.
Additionally, plaintiff produced a surveillance video recording of the accident, obtained through discovery. Plaintiff attached the affidavit of private investigator Darrell Mittelstaedt, who reviewed and analyzed the surveillance video. Mr. Mittel-staedt attested that, in the twenty-two minute video, he observed five Wal-Mart employees walk by the area where plaintiff slipped and that, after the accident was reported, it took a Wal-Mart employee approximately two minutes to remove the water from the area where plaintiff slipped. The twenty-two minute video shows plaintiffs awkward body movement as she slipped and shows the traffic passing near the accident site.
Plaintiff also attached the affidavit of Kortney Rodgers, an asset protection coordinator for Wal-Mart at the time of the accident. Mr. Rodgers attested that he was the custodian of the store’s surveillance recordings at the time of plaintiffs accident and that he in fact preserved the twenty-two minute surveillance video produced in connection with this litigation. He further attested that Wal-Mart never provided to him any instructions to preserve any particular length of surveillance recording following a reported accident. In his affidavit, Mr. Rodgers attested that he viewed the surveillance video in connection with this litigation; that he observed five Wal-Mart employees pass near the accident area before plaintiff slipped; and that “[njone of the five Wal-Mart employ *83 ees appeared to be looking for anything on the floor as they were supposed to, as part of Wal-Mart’s safety and accident prevention employee instructions.”[3]
IsAfter the hearing on Wal-Mart’s motion for summary judgment, the trial judge granted the motion for summary judgment, dismissing plaintiffs suit.[4] Plaintiff appeals.

DISCUSSION

The jurisprudence is clear that an appellate court reviews the district court’s granting or denial of a motion for summary judgment de novo. This Court has stated:
Appellate courts review a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Hines v. Garrett, 04-0806 (La.6/25/04), 876 So.2d 764, 765. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751. An issue is a genuine issue if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. Id.
Sharpless v. Louisiana Dep’t of Transp., 12-457 (La.App. 5 Cir. 2/21/13), 110 So.3d 1117, 1119-20.
In a slip or fall case against a merchant, a plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements under La. R.S. 9:2800.6. Melancon v. Popeye’s Famous Fried Chicken, 10-1109 (La.App. 3 Cir. 3/16/11), 59 So.3d 513, 515. La. R.S. 9:2800.6 declares that a merchant owes 16a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. Lousteau v. K-Mart Corp., 03-1182 (La.App. 5 Cir. 3/30/04), 871 So.2d 618, 623, writ denied, 04-1027 (La.6/25/04), 876 So.2d 835. Under the statute, a plaintiff has the burden *84 of proving that the condition presented an unreasonable risk of harm, that the risk of harm was reasonably foreseeable, and that the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence. Id. “Constructive notice” means that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. Id. A plaintiff may rely on circumstantial evidence to meet her burden of constructive notice. Davenport v. Albertson’s, Inc., 00-00685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, 343, writ denied, 01-0073 (La.3/23/01), 788 So.2d 427.
To carry her burden of proving the temporal element of La. R.S. 9:2800.6(B)(2), a plaintiff must present positive evidence of the existence of the condition prior to the accident. Barrios v. Wal-Mart Stores, Inc., 00-2138 (La.App. 1 Cir. 12/28/01), 804 So.2d 905, 907, writ denied, 02-0285 (La.3/28/02), 812 So.2d 636. Though there is no bright-line time period, a plaintiff must show that “ ‘the condition existed for such a period of time....’” Id. citing White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, 1084. Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily an issue of fact. Id.
In the motion for summary judgment and on appeal, Wal-Mart contends that plaintiff has failed to meet her burden of proof as to the “temporal element” of her 17claim. Wal-Mart asserts that plaintiff has not put forth any positive evidence to prove that the water was present on the store’s floor for any specific period of time prior to her slip or that Wal-Mart had actual or constructive notice of the water before plaintiff slipped.
In opposition to the motion for summary judgment, plaintiff produced the surveillance video recording and other circumstantial evidence to show that the accident occurred in the main aisle of Wal-Mart’s Harahan location store between a large jewelry counter and an aisle of cash registers. The twenty-two minute surveillance video does not show that the water, admittedly present on the floor where plaintiff slipped, was spilled during that twenty-two minute time frame. Further, the surveillance video and other circumstantial evidence presented show that, prior to the accident, five Wal-Mart employees walked by the area where plaintiff slipped and did not appear to look for any hazardous conditions as trained.
We find that a reasonable fact finder could find, from the circumstantial evidence plaintiff produced in opposition to the motion for summary judgment, that the water on which plaintiff slipped was present for a period of time prior to plaintiffs accident. We further find that a genuine issue of material fact remains as to whether the nearby employees stationed at the jewelry counter and/or cash registers should have known that the water was present before plaintiff slipped. Thus, we find the evidence is sufficient to create a genuine issue of material fact as to Wal-Mart’s constructive notice of the hazardous condition. Accordingly, we reverse the trial court’s judgment and remand this matter for further proceedings.

REVERSED AND REMANDED.

. La. R.S. 9:2800.6 provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3)The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C.Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
(2) "Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes *82 an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

. Plaintiff also produced the deposition of Latoya Conaler, the Wal-Mart employee stationed at the jewelry counter near the area of the accident. The only document, however, produced in connection with that deposition was Ms. Conaler’s drawing depicting the accident scene.

. In her petition for damages and in opposition to the motion for summary judgment, plaintiff asserts a spoliation of the evidence claim against Wal-Mart for failing to have a policy in effect to preserve a certain period of time leading up to and following a reported slip or fall accident in its stores. However, at the summary judgment hearing, plaintiff failed to introduce any evidence to support her spoliation claim.

. This is plaintiff's second appeal. On March 30, 2011, the trial judge granted Wal-Mart’s motion and plaintiff appealed. However, this Court did not reach the merits of plaintiff's appeal because the record reflected that the parties failed to introduce any evidence in connection with the motion for summary judgment. This Court vacated the March 30, 2011 granting of summary judgment, finding the trial judge improperly considered the surveillance video recording not properly introduced into evidence, and remanded to the trial court. Wal-Mart subsequently filed a motion to reset its motion for summary judgment. On January 9, 2013, the trial judge conducted a hearing. All evidence was properly introduced at the hearing without objection from defense counsel. The trial judge subsequently granted Wal-Mart’s motion for summary judgment. This appeal follows.