FREDERICKA HOMBERG WICKER; Judge.
|2In this slip and fall claim, defendants appeal the trial court’s award of damages to the plaintiff, arguing that the trial court held the defendants to an improper burden of proof. For the reasons that follow, we agree. Accordingly, the trial court’s verdict is reversed and judgment is rendered for defendants.
FACTUAL AND PROCEDURAL HISTORY
This case concerns an accident which took place at a gas station in Avondale, Louisiana. Carolyn Bennette, having bought lottery tickets, exited the Brother’s Avondale convenience store and walked through the parking lot towards her ear. On the way back to her car, Ms. Bennette fell.
According to Ms. Bennette, her fall was caused by a piece of wood protruding from an expansion joint in the concrete. Both in her deposition and at trial, Ms. Bennette testified to her belief that a piece of wood lodged in her shoe |sand then suddenly broke, causing her to fall. Ms. Bennette’s fall resulted in a number of injuries, including a broken elbow.
On October 7, 2010, Ms. Bennette filed suit against Brother’s Avondale in the Second Parish Court for the Parish of Jefferson. Ms. Bennette alleged that Brother’s was negligent in failing to maintain its property in a reasonably safe bondition, failing to warn customers about the allegedly dangerous condition, and “[allowing an unsafe and dangerous condition to exist after proper notice and/or constructive notice of same.”
The case proceeded to a bench trial. At trial, Ms. Bennette was the sole witness. Along with her testimony, Ms. Bennette presented several pieces of evidence including surveillance video of the area immediately outside the entrance of Brother’s Avondale and photos of ^rious areas in and around the parking lot. However, Ms. Bennette was unable to identify the “precise area” where she fell, and conceded that the photos of the accident scene did not show the area where she tripped and fell.
The trial court rendered judgment in favor of Ms. Bennette, awarding her *1181 $20,000.00. In its Reasons for Judgment, the trial court found:
As there was no testimony from the defendants, it cannot be determined as to whether [the defendants] had notice of such defect. It begs the question that the defendants knew of the defect. From the facts, the Court determined that the wood was old and losing its structure and shape. The defendants presented no evidence' of any type of inspection or cleaning of the area. If the cleaning and inspection would have been performed on a regular basis, the raised piece of wood would have been easily noticed.
This timely appeal follows.
DISCUSSION
On appeal, Brother’s Avondale raises three assignments of error, all stemming from the trial court’s alleged failure to hold Ms. Bennette to the proper burden of proof in this case. For the reasons that follow, we agree.

\ Standard of Review

It is well-settled that a court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Wiltz v. Bros. Petroleum, L.L.C., 13-332 (La.App. 5 Cir. 04/23/14); 140 So.3d 758, 770, citing Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).

La. R.S. 9:2800.6

Ms. Bennette’s lawsuit is governed by La. R.S. 9:2800.6, which defines the liability of merchants for “slip and fall” claims by customers on store premises. La. R.S. 9:2800.6 provides, in pertinent part:
Burden of proof in claims against merchants
A.A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
As described above, Louisiana law requires merchants to exercise reasonable care to protect persons who enter the establishment, to keep the premises safe from unreasonable risks of harm, and to *1182 warn of known dangers. Richardson v. Louisiana-1 Gaming, 10-262, p. 4 (La.App. 5 Cir. 12/14/10); 55 So.3d 893, 895. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. Id. at 895-896. In other words, a store owner is not liable every time an accident happens on its premises. Id.; Harrison v. Horseshoe Entertainment, 36,294, p. 8 (La.App. 2 Cir. 8/14/02); 823 So.2d 1124, 1128-1129. Further, because a plaintiff must prove each element under La. R.S. 9:2800.6, the failure to prove any element is fatal to the plaintiffs cause of action. Trench v. Winn-Dixie Montgomery LLC, 14-152 (La.App. 5. Cir. 09/24/14); 150 So.3d 472; Flowers v. Wal-Mart Stores, Inc., 12-140 (La.App. 5 Cir. 7/31/12); 99 So.3d 696, 699.

Assignment of Error Number One

In this assignment of error, the defendants argue that the trial court erred in finding them liable for Ms. Bennette’s injuries absent a showing of constructive notice. The defendants argue that Ms. Bennette offered no evidence on the issue of whether the defendants had any actual or constructive notice of an alleged defect in the premises of the parking lot.[1]
Under Louisiana law, “constructive notice” means that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. Trench, supra. To carry her burden of proving this temporal element required" under La. R.S. 9:2800.6(B)(2), a plaintiff must present “positive evidence” of the existence of the condition prior to the accident. Sheffie v. Wal-Mart La. LLC, 13-792 (La.App. 5 Cir. 02/26/14); 134 So.3d 80; Barrios v. Wal-Mart Stores, Inc., 00-2138 (La.App. 1 Cir. 12/28/01); 804 So.2d 905, 907, writ denied, 02-0285 (La.3/28/02); 812 So.2d 636. Though there is no bright-line time period, a plaintiff must show that ‘“the condition existed for such a period of Ifitime...” that the defendant should have noticed the defect in exercising reasonable care. Sheffie, 134 So.3d at 84, citing White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97); 699 So.2d 1081, 1084.
In White v. Wal-Mart Stores, Inc., supra, the Louisiana Supreme Court discussed the appropriate burden of proof under La. R.S. 9:2800.6 in a similar factual context. In White, the plaintiff claimed that she slipped on a clear liquid on the floor. Id. at 1082. In that case, although other witnesses testified at trial, none of them recalled noticing the clear liquid on the floor prior to the plaintiffs fall. Id. The trial court found in favor of the plaintiff, and the Supreme Court reversed, holding that under La. R.S. 9:2800.6, “[a] claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.” Id. at 1084.
In this case, as in White, there is a dearth of evidence with regard to the defendant’s alleged constructive notice. The trial court found that, “the wood [in the expansion joints] was old and losing its structure and shape.” However, there was no evidence produced at trial indicating the age or condition of the specific expansion joint that allegedly caused Ms. Bennette’s fall. Ms. Bennette, the sole witness at trial, repeatedly testified that *1183 she had no personal knowledge as to how long the alleged defective condition existed. The surveillance video of the area immediately outside the entrance to the Brother’s Avondale store showed Ms. Ben-nette safely walking across the parking lot prior to her fall. Ms. Bennette presented no evidence as to the frequency of any inspection or cleaning procedures at the Brother’s Avondale. Therefore, the trial court erred finding that Ms. Bennette satisfied her burden of proof with regard to notice.

Assignment of Error Number Two

In their second assignment of error, the defendants argue that the trial court erred by shifting the burden of proof to the defendants with regard to reasonable care. Again, we agree.
Under La. R.S. 9:2800.6, Ms. Bennette was required to show that Brother’s Avon-dale failed to exercise “reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition.” In Boutte v. Wal-Mart Stores, Inc., 94-968 (La.App. 5 Cir. 4/12/95); 655 So.2d 372, this Court discussed a similar case in which the plaintiff failed to produce evidence showing that the defendant merchant had failed to exercise reasonable care. In that case, the trial court rendered a judgment finding the defendant merchant liable for the plaintiffs injuries. In reversing the action of the trial court, this Court found that the plaintiff, had produced “no evidence” to support the conclusion that the defendant merchant had failed to exercise reasonable care. Id. at 375.
In this case, the trial court found that, “if the cleaning and inspection (sic) would have been performed on a regular basis, the raised piece of wood would have been easily noticed.” However, a thorough review of the record reveals no evidence that the defendants failed to regularly clean or inspect the premises. Therefore, as in Boutte, the trial court in this case erred in finding that the plaintiff met her burden of proof with regard to the defendants’ duty to exercise reasonable care.

Assignment of Error Number Three

In the defendants’ third assignment of error, they argue that the trial court erred in finding them liable when the plaintiffs failed to produce sufficient evidence that the condition in the parking lot constituted an unreasonable risk of harm. For the reasons that follow, we agree.
| sUnder La. R.S. 9:2800.6, Ms. Bennette was required to show that “the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.”
This Court has previously held that speculation by a plaintiff regarding the cause of a fall is not sufficient to constitute a prima facie claim of an “unreasonable risk of harm” under La. R.S. 9:2800.6. In Monson v. Travelers Property & Cas. Ins. Co., 06-921 (La.App. 5 Cir. 4/24/07); 955 So.2d 758, this Court affirmed the trial court’s award of summary judgment in favor of the defendant merchant. In Mon-son, the plaintiff fell when she stepped in a hole in a grassy area adjacent to the defendant merchant’s parking lot. Id. at 760. On summary judgment, the plaintiff in Monson produced post-accident photographs of the area where she fell and contended that the defendant merchant dug holes in the ground in order to remove several plants. Id. at 762. On appeal, this Court described the, plaintiffs claims as to the “unreasonable risk of harm” as “merely speculation by [the] plaintiff and ... unsupported.” Id.
In this case, as in Monson, Ms. Ben-nette has provided no evidence to support the trial court’s factual findings with regard to an unreasonable risk of harm. The photographs presented at trial were, *1184 by Ms. Bennette’s own admission, not a depiction of the area where she fell. Further, the video surveillance footage shows Ms. Bennette safely walking across the parking lot and lends no support to her claim that the area where she fell was unreasonably dangerous. Ms. Bennette produced no additional evidence to demonstrate that “the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.” Accordingly, the trial court erred in finding that the condition of the parking lot created an unreasonable risk of harm.
^CONCLUSION
For the foregoing reasons, we find that the trial court was manifestly erroneous in rendering judgment in favor of Ms. Ben-nette in light of the lack of evidence presented at trial. Accordingly, the trial court’s award is reversed and judgment is rendered in favor of the defendants.

REVERSED AND JUDGMENT RENDERED

. Ms. Bennette did not contend at trial that the defendants had actual notice of the alleged defect in the expansion joints. Rather, her argument was that the defendants had constructive notice.