| | | |
|---|---|---|
| ANN STREIFFER, WIFE OF/AND RICHARD STREIFFER | * | NO. 2019-CA-0990 |
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| DELTATECH CONSTRUCTION, LLC AND SANDRA TOMASETTI | * | STATE OF LOUISIANA |
| | * | |

* * * * * * *

**JCL**   **LOBRANO, J., CONCURS IN PART AND DISSENTS IN PART AND ASSIGNS REASONS**

I respectfully concur in part and dissent in part. I concur in the majority's denial of damages for frivolous appeal. I dissent, however, from the majority's affirmation of the district court's judgment. The district court abused its discretion in denying Deltatech's motion to quash the judgment debtor examination and holding Deltatech in contempt. I would reverse the district court's judgment and remand for further proceedings as I find that Sandra Tomasseti was improperly summoned to appear for the judgment debtor examination of Deltatech – a limited liability company ("LLC").

La. C.C.P. art. 2451 provides:

A. In aid of execution the judgment creditor may examine the judgment debtor, his books, papers, or documents, upon any matter relating to his property, either as provided in Articles 1421 through 1515 or as provided in Articles 2452 through 2456.

B. In aid of execution of the judgment, the judgment creditor may also examine any person upon any matter relating to the judgment debtor's property, as provided in Articles 1421 through 1474.

"Paragraph A gives the judgment creditor the option of utilizing the articles pertaining to traditional methods of discovery (arts. 1421 through 1515) or conducting an in-court examination (arts. 2452 through 2456)." *Cole, Evans & Peterson v. T.F. Mgmt., Inc.*, 40,774, p. 4 (La. App. 2 Cir. 7/7/06), 935 So.2d 841,

1

844. I note, however, that Paragraph B provides no corresponding method for haling "any person" into court for judgment debtor examination. Paragraph B instead restricts the judgment creditor's remedies to those found in the discovery articles. *See, e.g.,* La. C.C.P. art. 1433(C)(governing post-trial depositions of "third person[s]" "[i]n aid of execution of the judgment").

Pursuant to this Court's holding in *Streiffer v. Deltatech Constr., LLC*, 18-0155 (La. App. 4 Cir. 10/10/18), *writ denied*, 18-2107 (La. 2/18/19), 263 So.3d 1154, the only party cast in judgment is Deltatech. The portion of the underlying judgment finding Sandra Tomasetti individually liable was reversed. *Id.* "[T]he personalities of an L.L.C. and its members are wholly separate by law." *Nunez v. Pinnacle Homes, L.L.C.*, 15-0008, p. 5 (La. 10/14/15), 180 So. 3d 285, 289 (citing *Ogea v. Merritt*, 13-1085, pp. 5-6 (La. 12/10/13), 130 So.3d 888, 895-95; La. C.C. art 24; La. R.S. 12:1301). Moreover, the Louisiana LLC Act, located in La. R.S. 12:1301 *et seq.*, limits liability for its members, in pertinent part:

> B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.
>
> C. A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company.

La. R.S. 12:1320.

Tomasetti is not the judgment debtor and cannot be haled into court individually pursuant to La. C.C.P. art. 2451(A). She may be examined as "any person upon any matter relating to the judgment debtor's property" pursuant to Paragraph B, but the judgment creditors' remedies are limited to those provided in the discovery articles. The Streiffers may only conduct an in-court judgment debtor examination of Deltatech, and the district court only has the authority to order Deltatech's appearance at same. In moving for a judgment debtor examination, I

2

find that the Streiffers must identify the matters on which examination is requested, such that Deltatech may in turn designate persons to testify on said matters known to Deltatech. This is consistent with La. C.C.P. art. 1442, which governs the deposition of an organization and provides:

> A party may in his notice name as the deponent a public or private corporation or a partnership or association or governmental agency and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify. The persons so designated shall testify as to matters known or reasonably available to the organization. This Article does not preclude taking a deposition by any other procedure authorized in this Chapter.

*See, e.g., Leigh of All Trades, L.L.C. v. Non-Flood Prot. Assets Mgmt. Auth.*, 19-0042, pp. 3-4 (La. App. 4 Cir. 5/29/19), 274 So.3d 64, 66; *Yokum v. Funky 544 Rhythm & Blues Cafe*, 16-1142, pp. 5-6 (La. App. 4 Cir. 5/23/18), 248 So.3d 723, 731; *Sheffie v. Wal-Mart Louisiana LLC*, 13-0792, p. 3 (La. App. 5 Cir. 2/26/14), 134 So.3d 80, 82 (noting La. C.C.P. art. 1442 as permissible method of taking deposition of LLC).[1]

For these reasons, I find that the district court erred in designating Tomasetti as the LLC representative and ordering her appearance at the judgment debtor examination, and abused its discretion in wholly denying the motion to quash and finding Deltatech in contempt. I would reverse the judgment of the district court and remand for further proceedings consistent with my dissent.

---

[1] La. C.C.P. art 1442 is "patterned after Rule 30(b)(6) of the Federal Rules of Civil Procedure." *Kopnicky v. Citgo Petroleum Corp.*, 07-01483 (La. App. 3 Cir. 1/3/08), 215 So.3d 746, 755, *on reh'g* (5/7/08). The comments to the 2007 amendments to Fed. R. Civ. P. 30 noted that:

> "[O]ther entity" is added to the list of organizations that may be named as deponent. The purpose is to ensure that the deposition process can be used to reach information known or reasonably available to an organization no matter what abstract fictive concept is used to describe the organization. Nothing is gained by wrangling over the place to fit into current rule language such entities as limited liability companies, limited partnerships, business trusts, more exotic common-law creations, or forms developed in other countries.