WILLIE BEATRICE SMITH

VERSUS

WALMART INC. AND XYZ INSURANCE
COMPANY

NO. 24-CA-18

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 816-749, DIVISION "L"
HONORABLE R. CHRISTOPHER COX, III, JUDGE PRESIDING


December 05, 2024


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.


**AFFIRMED**
  **SJW**
  **MEJ**
  **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUß RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
WILLIE BEATRICE SMITH
    Pius A. Obioha
    Joseph R. Barbie, Sr.

COUNSEL FOR DEFENDANT/APPELLEE,
WALMART INC.
    Christopher James-Lomax
    Peter S. Martin

**WINDHORST, J.**

In this slip and fall case, Willie Beatrice Smith, plaintiff/appellant, appeals the trial court's July 13, 2023 judgment, granting Walmart, Inc.'s, defendant/appellee, motion for summary judgment and dismissing plaintiff's claim with prejudice. We affirm the trial court's judgment.

**PROCEDURAL HISTORY**

On April 16, 2021, plaintiff filed a petition for damages, alleging that she tripped and fell at a Walmart in Kenner, Louisiana, and suffered injuries as a result of her fall. Specifically, plaintiff claimed that she tripped on a "loose uneven metal strip at the entrance door" of the Walmart, which was not properly fastened to the floor. As a result of her fall, plaintiff asserted that she sustained serious bodily injuries and incurred medical expenses.

Plaintiff alleged that the defective floor created an unreasonably dangerous condition about which Walmart employees knew or should have known, and that Walmart created a hazardous condition by failing to mitigate or cure the defect in the unfastened metal strip on the floor. Plaintiff also alleged that Walmart failed to warn of the hazardous condition. As a result of Walmart's negligence, plaintiff asserted that it was liable for her injuries and sought special and general damages.

On November 30, 2022, Walmart filed a motion for summary judgment, seeking dismissal of plaintiff's claims against it. Walmart asserted that plaintiff was unable to satisfy her burden of proof at trial under La. R.S. 9:2800.6 because plaintiff could not show Walmart created or had actual or constructive notice of the alleged hazardous condition. In support of its motion, Walmart attached plaintiff's petition for damages and her deposition transcript.

In her deposition, plaintiff testified that as she entered the Walmart, she tripped over a "metal strip" at the threshold of the entrance because the strip was loose. Plaintiff stated she did not know how the metal strip may have come loose

before the accident. Plaintiff also conceded she had no information to suggest that a Walmart employee caused the strip to become loose or to indicate how long the strip may have been loose pre-incident. As a result, Walmart argued plaintiff had no affirmative evidence to establish Walmart caused the metal strip to come loose or had actual or constructive notice of the metal strip's condition.

In opposition, plaintiff argued there were genuine issues of material fact as to whether Walmart had actual or constructive notice of the shaky, unstable, loose, and raised metal threshold at the store entrance. In support of her opposition, plaintiff prepared and submitted an affidavit regarding the incident and photographs of the threshold where she fell.[1] In the affidavit, plaintiff stated that, after her accident, an employee told her Walmart usually placed a door mat over the metal threshold because of its unstable condition.

After a hearing on June 26, 2023, the trial court found no genuine issues of material fact existed and granted Walmart's motion for summary judgment. In oral reasons for judgment, the trial court summarized plaintiff's deposition testimony and affidavit statements regarding the incident as follows: (1) "Plaintiff testified that the metal strip over which she tripped came 'loose some kind of way'"; (2) Plaintiff stated she "observed lots of dried and built-up mud or dirt which had settled underneath the raised-up compartment"; (3) "She further stated that a Walmart employee told her that a mat is usually placed over the threshold because it is unstable"; and (4) "Plaintiff testified that she does not know how the strip came loose, who caused the strip to become loose, nor how long the strip was loose prior to her fall."

With regard to plaintiff's affidavit, the trial court found that plaintiff's affidavit contained inadmissible hearsay evidence in that "an out of court statement

---

[1] Plaintiff apparently also submitted a surveillance video of the entrance to the Walmart where she fell. The video, however, was not included within the record and it is unclear whether it was properly filed in the trial court.

made by an unidentified employee is insufficient to establish constructive notice." As a result, the trial court refused to consider this statement.

In finding a lack of evidence to support plaintiff's claim, the trial court concluded that plaintiff's testimony was speculative and insufficient to show the condition complained of existed for some time before the fall. The trial court also pointed out that there was no evidence of any prior incidents at this threshold even though the surveillance video showed that this was a highly trafficked entrance. Thus, by judgment dated July 13, 2023, the trial court granted Walmart's motion for summary judgment.

On July 21, 2023, plaintiff filed a motion for new trial and motion to vacate, asserting the granting of Walmart's motion for summary judgment was contrary to the law and evidence. The trial court denied this motion.

**LAW and ANALYSIS**

On appeal, plaintiff asserts the trial court erred in finding there is no genuine issue of material fact regarding whether Walmart had constructive notice of the hazardous condition that caused her to slip and fall. We agree with the trial court's conclusion.

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The party seeking summary judgment has the initial burden of proof to show no genuine issue of material fact exists. La. C.C.P. art. 966 D; Swatt v. Wal-Mart Stores, Inc., 21-66 (La. App. 5 Cir. 12/29/21), 334 So.3d 1054, 1058, writ denied, 22-205 (La. 4/5/22), 335 So.3d 833. However, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point

out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Id. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact, or that the mover is not entitled to judgment as a matter of law." La. C.C.P. art. 966 D(1).

Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*, using the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Swatt, 334 So.3d at 1058. An appellate court's *de novo* review of the trial court's ruling on summary judgment is generally from the same viewpoint as that of the trial court, but with a fresh consideration of the exhibits and application of the law. Id; Allday v. Newpark Square I Off. Condo. Ass'n, Inc., 20-358 (La. App. 5 Cir. 8/18/21), 327 So.3d 566. Trial court rulings on motions for summary judgment are reviewed without regard or deference because credibility is not at issue. Id. Appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Breaux v. Fresh Start Properties, L.L.C., 11-262 (La. App. 5 Cir. 11/29/11), 78 So.3d 849, 852.

A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Hines v. Garrett, 04-806 (La. 6/25/04), 876 So.2d 764, 765 (*per curiam*); Montalbano v. Persich, 18-602 (La. App. 5 Cir. 5/29/19), 274 So.3d 855, 860, writ denied, 19-1051 (La. 10/1/19), 280 So.3d 161. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id. In determining whether the evidence creates a genuine issue of material fact, the trial court cannot

make credibility determinations, evaluate testimony, or otherwise weigh the evidence. Id at 860-61.

In a slip or fall case against a merchant, a plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements under La. R.S. 9:2800.6. Sheffie v. Wal-Mart Louisiana LLC, 13-792 (La. App. 5 Cir. 2/26/14), 134 So.3d 80, 83-84, writ denied, 14-881 (La. 6/20/14), 141 So.3d 813; Williams v. Supervalu, Inc., 18-143 (La. App. 5 Cir. 11/7/18), 259 So.3d 547, 551. La. R.S. 9:2800.6, in pertinent part, provides:

> (B) In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. Lousteau v. K-Mart Corp., 03-1182 (La. App. 5 Cir. 3/30/04), 871 So.2d 618, 623, writ denied, 04-1027 (La. 6/25/04), 876 So.2d 835. The owner of a commercial establishment has an affirmative duty to keep his premises in a safe condition, but he is not the insurer of his patrons' safety. Bertaut v. Corral Gulfsouth, Inc., 16-93 (La. App. 5 Cir. 12/21/16), 209 So.3d 352, 357.

To satisfy the "constructive notice" requirement, the plaintiff must prove the condition existed for such a period of time that it would have been discovered if the

merchant had exercised reasonable care. La. R.S. 9:2800.6 C(1); <u>Swatt</u>, 334 So.3d at 1059. Constructive notice is not proven by the mere presence of a merchant's employee in the vicinity in which the condition exists, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition. <u>Id.</u> This element requires that the plaintiff make a positive showing of the existence of the condition prior to the fall. <u>White v. Wal-Mart Stores, Inc.</u>, 97-393 (La. 9/9/97), 699 So.2d 1081, 1086. While there is no bright-line time period, a plaintiff must show "'the condition existed for such a period of time'" and the defendant-merchant should have noticed the defect in exercising reasonable care. <u>Sheffie</u>, 134 So.3d at 84; <u>White v. Wal-Mart Stores, Inc.</u>, 97-393 (La. 9/9/97), 699 So.2d 1081, 1084.

Upon review, we find the plaintiff cannot satisfy her burden of proving that Walmart had actual or constructive notice of the alleged hazardous condition which caused plaintiff to fall. Plaintiff cannot prove the alleged hazardous condition of the threshold existed for any period of time before her fall. Plaintiff has no evidence Walmart had any knowledge of the alleged hazardous condition prior to her fall. Plaintiff also has nothing to show Walmart, in the exercise of reasonable care, should have known about the condition.

Considering the forgoing, we find no error in the trial court's granting of Walmart's motion for summary judgment, thereby dismissing plaintiff's claim against it.

**DECREE**

For the reasons stated above, we affirm the trial court's judgment.

<u>**AFFIRMED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 5, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

# 24-CA-18

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
R. CHRISTOPHER COX, III (DISTRICT JUDGE)
JOSEPH R. BARBIE, SR. (APPELLANT)      PIUS A. OBIOHA (APPELLANT)          PETER S. MARTIN (APPELLEE)
SIDNEY J. HARDY (APPELLEE)

**MAILED**
CHRISTOPHER JAMES-LOMAX (APPELLEE)
ATTORNEY AT LAW
909 POYDRAS STREET
SUITE 1000
NEW ORLEANS, LA 70112