| .FOGG, J.
In this action for negligence against a merchant, the plaintiff appeals the grant of summary judgment in favor of the merchant upon the finding that the plaintiff could not prove the mandatory temporal element of her cause of action under LSA-R.S. 9:2800.6. For the following reasons, we reverse.
On April 3, ■ 1995, Ramona Barrios and her daughter-in-law, Tanya Barrios, went to Wal-Mart in Slidell, Louisiana, to pick up a lay-a-way purchase. After completing their shopping, they walked to the front of the store and waited in a checkout line. Ramona Barrios noticed a rack displaying magazines and tabloid newspapers in a nearby checkout line. She left her shopping basket in the checkout line and walked to the display rack. After selecting a newspaper, she walked to a second display rack in another checkout line and selected a second newspaper. As Ramona Barrios returned to her shopping basket, she slipped in a puddle of clear liquid, injuring her lower back.
Ramona Barrios filed this suit for damages. Wal-Mart moved for summary judgment, alleging the plaintiff could not meet her burden of proving the mandatory *907 temporal element of LSA-R.S. 9:2800.6. The trial court rendered judgment in favor of Wal-Mart. Ramona Barrios appeals.
When a party moves for summary judgment, the initial burden of proof is on the mover to show that no genuine issue of material fact exists. LSA-C.C.P. art. 966(C)(2). Once the mover has made a prima facie showing that the motion should be granted, if the non-movant bears the burden of proof at trial on the issue before the court, the burden shifts to him to present evidence demonstrating that material factual issues remain. LSA-C.C.P. art. 966(C)(2); Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
laLSA-R.S. 9:2800.6(B)(2) provides that in a negligence claim, the plaintiff must prove the merchant either created or had actual or constructive notice of the condition that caused the damage, prior to the occurrence. “Constructive notice” means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. LSA-R.S. 9:2800.6(0(1).
To carry her burden of proving the temporal element of LSA-R.S. 9:2800.6(B)(2), a claimant must present positive evidence of the existence of the condition prior to the fall; a merchant need not come forward with positive evidence of the absence of the condition prior to the fall. White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081. Though there is no bright-line time period, a claimant must show that “the condition existed for such a period of time .... ” White, 699 So.2d at 1084. Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily an issue of fact. White, 699 So.2d at 1084.
In support of its motion for summary judgment, Wal-Mart offered Ramona Barrios’ deposition testimony of June 24, 1997, wherein she stated that she “walked out, turned around, and headed back [to her basket] ... [w]ithin a matter of seconds.” In addition, when questioned, she stated she did not know “how long [the liquid] was on the floor before [she] slipped[.]” By this evidence, Wal-Mart demonstrated an absence of factual support for the required temporal element of the plaintiffs claim. See Babin v. Winn-Dixie Louisiana, Inc., 2000-0078 (La.6/30/00), 764 So.2d 37. Pursuant to the principles governing summary judgment procedure, the burden then shifted to the plaintiff to produce factual support sufficient to satisfy her evidentiary burden at trial on this issue.
In opposition to Wal-Mart’s motion for summary judgment, the plaintiff submitted an affidavit by Tanya Barrios. Therein, Tanya Barrios stated the puddle “appeared to be of a clear soft drink like Sprite or Seven Up (sic),” was “dried out 1¿around the edges,” and contained “dried parts.” These statements set forth factual support for the assertion that the liquid was present for some time period before the plaintiff slipped and, therefore, raise a genuine issue of material fact. Thus, summary judgment was improper.
For the foregoing reasons, the judgment of the trial court is reversed at appellee’s cost. This matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.