SUSAN M. CHEHARDY, Chief Judge.
| j>Plaintiff-customer appeals the summary judgment dismissing her action for damages in a slip-and-fall case against defendant-merchant. For the following reasons, we affirm.

Facts and Procedural History

On June 13, 2012, Yvette DeSalvo Davis (“Ms. Davis”) allegedly injured herself when she slipped and fell on a piece of “cooked onion” on the floor of the U-Haul retail rental facility at # 4 Westbank Expressway in Gretna, Louisiana. She filed suit on September 11, 2012 against the store’s operator, U-Haul Company of Louisiana (“U-Haul”), seeking damages for her personal injuries.
On September 9, 2013, U-Haul filed a motion for summary judgment contending that Ms. Davis would not be able to bear her burden of proof under La. R.S. 9:2800.6 that U-Haul had actual or constructive notice of the “slippery” substance prior to the occurrence. In support of its motion for summary judgment, U-Haul offered plaintiffs answers to interrogatories and requests for production, and its responses to plaintiffs requests for admissions.
_JjMs. Davis, in her opposition to U-Haul’s motion for summary judgment, offered affidavits from herself and her brother, Russell DeSalvo.
Ms. Davis, in her affidavit, attested that, on June 13, 2012, she was walking around the retail portion of the U-Haul store when she slipped on “a piece of cooked onion” and fell. She attested that she had not noticed the “onion” before she fell. Ms. Davis further attested that there were two employees in the store when she fell; one of the employees took an incident report. Ms. Davis attested that she received medical treatment at the Ochsner Medical Center in Gretna. Finally, Ms. Davis attested that she was not impaired that day.
Mr. Russell DeSalvo, plaintiffs brother who witnessed the incident, filed an affidavit that corroborated Ms. Davis’ affidavit.
On October 16, 2013, the trial judge heard and granted U-Haul’s summary judgment and dismissed plaintiffs suit. Plaintiff appeals that judgment.

Law and Argument

On appeal, Ms. Davis argues that the trial court erred in granting U-Haul’s motion for summary judgment. Ms. Davis contends that there exist genuine issues of material fact regarding whether U-Haul had “constructive notice” of the hazard in question. Ms. Davis contends that “the testimony of Ms. Davis and Mr. DeSalvo established the close proximity of at least two employees of the defendant at the time of the slip-and-fall accident on the U-Haul premises.”
Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the *123 mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for 14 one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to show that they will be able to meet their evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment. Id.; Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.6/30/00), 764 So.2d 37, 38-41; Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606.
On appeal, our review of summary judgments is de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Pizani v. Progressive Ins. Co., 98-225 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086, 1087. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Muller v. Carrier Corp., 07-770 (La.App. 5 Cir. 4/15/08), 984 So.2d 883, 885.
In a slip-and-fall case against a merchant, a plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements under La. R.S. 9:2800.6. White v. Wal-Mart Stores, 97-0393 (La.9/9/97), 699 So.2d 1081. La. R.S. 9:2800.6 declares that a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. Lousteau v. K-Mart Corp., 03-1182 (La.App. 5 Cir. 3/30/04), 871 So.2d 618, 623, writ denied, 04-1027 (La.6/25/04), 876 So.2d 835.
 Under La. R.S. 9:2800.6, a plaintiff has the burden of proving that the condition presented an unreasonable risk of harm, that the risk of harm was reasonably foreseeable, and that the merchant either created or had actual or constructive notice of the condition, which caused the damage, prior to the ^occurrence. Id. “Constructive notice” means that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. Id.
To carry the burden of proving the temporal element of La. R.S. 9:2800.6(B)(2), a plaintiff must present positive evidence of the existence of the condition prior to the accident. Barrios v. Wal-Mart Stores, Inc., 00-2138 (La.App. 1 Cir. 12/28/01), 804 So.2d 905, 907, writ denied, 02-0285 (La.3/28/02), 812 So.2d 636. Though there is no bright-line time period, a plaintiff must show that “ ‘the condition existed for such a period of time....’” Id. (citing White v. Wal-Mart Stores, Inc., 699 So.2d at 1084). Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily an issue of fact. Id.
In the instant case, we find that U-Haul pointed out that there was an absence of factual support for an essential element of plaintiffs cause of action under La. R.S. 9:2800.6, because plaintiff was unable to satisfy the “constructive notice” requirement of the statute by showing that the “cooked onion” was on the floor for some period of time prior to her alleged fall. Accordingly, the district court properly granted summary judgment in favor of U-Haul.

*124
Decree

Based on the foregoing, the trial court judgment is affirmed. All costs in this court are assessed against plaintiff, Yvette DeSalvo Davis.

AFFIRMED.