FREDERICKA HOMBERG WICKER, Judge.
bin this slip and fall, case, plaintiff appeals a summary judgment granted in favor of defendant-merchant. For the following reasons, we affirm.

*150
FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 2011, plaintiff, Elouise Burns, filed suit in the Twenty-Fourth Judicial District Court against Winn-Dixie Montgomery, LLC, (“Winn-Dixie”) for damages arising out of a slip and fall accident at a Winn-Dixie store in Westwego.[1] In her petition, plaintiff alleged that she slipped and fell due to the accumulation of water or an unknown substance present on the floor of the store’s ice cream aisle.
On August 2, 2013, following preliminary discovery, Winn-Dixie filed a motion for summary judgment, asserting that no genuine issue of material fact existed and that plaintiff could not meet her burden to prove that Winn-Dixie ^created or had actual or constructive notice of the alleged unreasonably dangerous condition as required under La. R.S. 9:2800.6.[2] In support of its motion for summary judgment, Winn-Dixie attached plaintiffs deposition testimony to point out an absence of factual support to prove plaintiffs claim that Winn-Dixie had actual or constructive notice of the alleged hazardous condition. In her deposition, plaintiff testified that she did not see any liquid on the floor prior to her fall and that she did not know how long the liquid had been on the floor prior to her fall.
Plaintiff filed an opposition to the motion for summary judgment, asserting that a genuine issue of material fact existed as to whether Winn-Dixie had actual or constructive notice of the hazardous condition based upon the proximity of the location where plaintiff slipped to the location of the cash registers in the store. To support her opposition, plaintiff attached the affi *151 davit of Joshua Allison, a law clerk with plaintiffs counsel’s law firm, attesting to his August 23, 2013 visit to the Winn-Dixie store located in Westwego. Mr. Allison attested that he visited the store and that he observed the proximity of the location where plaintiff slipped to the location of the cash registers and customer service desks at the front of the |4store. Mr. Allison attested that the aisle where plaintiff slipped provides a clear and unobstructed view to the cash registers, where several employees were located on the date of his inspection.[3]
Additionally, at the hearing on the motion for summary judgment, plaintiff introduced copies of her July 13, 2012 Answers to Interrogatories as well as Winn-Dixie’s August 6, 2012 Answers to Interrogatories and Request for Production of Documents. Plaintiff argued that her deposition testimony as well as the discovery submitted in opposition to the motion for summary judgment proved that there were no wet floor signs in the area where she slipped. Plaintiff further argued that the evidence demonstrated the proximity of the location of the cash registers to the location of the accident at issue — which plaintiff contended was sufficient to prove constructive notice under La. R.S. 9:2800.6.
On September 26, 2013, the trial court granted summary judgment in favor of Winn-Dixie, dismissing plaintiffs suit against it. On October 2, 2013, plaintiff filed a motion for new trial arguing that the granting of summary judgment was contrary to the law and evidence; that plaintiff had discovered new evidénce to defeat summary judgment that was not available prior to the summary judgment hearing; and that the granting of a new trial in this case is within the trial court’s discretion and in the interest of justice.
Following a contradictory hearing on January 15, 2014, the trial court denied plaintiffs motion for new trial.[4] This timely appeal follows.
| siProcedural Note
Initially, a review of the record reflects that the motion for appeal in this case references the January 15, 2014 denial of plaintiffs motion for new trial rather than the September 26, 2013 judgment on Winn-Dixie’s motion for summary judgment.
The denial of a motion for new trial is an interlocutory judgment which is not appealable. Pignona v. Father, 13-192 (La.App. 5 Cir. 10/9/13), 128 So.3d 390, 395-96. Rather, the denial of a motion for new trial is reviewable only under the appellate court’s supervisory jurisdiction for abuse of discretion. Id. However, Louisiana courts have held that appeals are favored in law, must be maintained whenever possible, and will not be dismissed for mere technicalities. Any doubt concerning the validity of an appeal should be resolved in favor of the appellant to the end that an appeal can be sustained. Id.
This Circuit has recently stated:
[A]n appeal from the order denying a new trial, rather than from the judgment from which the new trial is sought, is improper. However, when the motion *152 for appeal refers to a specific judgment denying a motion for new trial, yet the appellant exhibits a clear intention to appeal instead the judgment on the merits, then the appeal should be considered. This view conforms to the mandate of LSA — C.C.P. art. 865 to construe every pleading so “as to do substantial justice.”
Pignona, 128 So.3d at 395-96, citing Lozier v. Estate of Elmer, 10-754 (La.App. 5 Cir. 2/15/11), 64 So.3d 237, 239, writ denied, 11-0529 (La.4/25/11), 62 So.3d 93 (citations omitted).
In reviewing the motion for appeal as well as plaintiffs appellate brief, it is clear that plaintiff intended to appeal the substance of the summary judgment on the merits. Accordingly, we construe the motion for appeal as an appeal on the merits of the grant of summary judgment and consider plaintiffs appeal.

\ DISCUSSION

Appellate courts review the granting of a summary judgment de novo using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Prince v. K-Mart Corp., 01-1151 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248; Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, 547. A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogkto-ries, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2).
The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Trench v. Winn-Dixie Montgomery LLC, 14-152 (La.App. 5 Cir. 9/24/14), 150 So.3d 472. The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, the movant’s burden on a motion for summary judgment does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the claim. Id.; Patrick v. Iberia Bank, 05-783 (La.App. 5 Cir. 3/14/06), 926 So.2d 632, 634. Thereafter, if the adverse party fails to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden at trial, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. art. 966(C)(2).
In a slip or fall case against a merchant, a plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements under La. R.S. 9:2800.6. Sheffie v. Wal-Mart Louisiana LLC, 13-792 (La.App. 5 Cir. 2/26/14), 134 So.3d 80, 83-84, writ denied, 14-0881 (La.6/20/14), 141 So.3d 813; Melancon v. Popeye’s Famous Fried Chicken, 10-1109 (La.App. 3 Cir. 3/16/11), 59 So.3d 513, 515.
La. R.S. 9:2800.6 provides, in relevant part, as follows:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on, the merchant’s premises for damages *153 as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, pri- or to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
La. R.S. 9:2800.6 declares that a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. Lousteau v. K-Mart Corp., 03-1182 (La.App. 5 Cir. 3/30/04), 871 So.2d 618, 623, unit denied, 04-1027 (La.6/25/04), 876 So.2d 835. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. Trench v. Winn-Dixie Montgomery LLC, supra.
| sUnder La. R.S. 9:2800.6, a plaintiff has the burden of proving that the condition presented an unreasonable risk of harm, that the risk of harm was reasonably foreseeable, and that the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence. Id. Because a plaintiff must prove each element under La. R.S. 9:2800.6, the failure to prove any element is fatal to the plaintiffs cause of action. Trench v. Winn-Dixie Montgomery LLC, supra. Flowers v. Wal-Mart Stores, Inc., 12-140 (La.App. 5 Cir. 7/31/12), 99 So.3d 696, 699.
“Constructive notice” means that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. Trench, supra. To carry her burden of proving this temporal element required under La. R.S. 9:2800.6(B)(2), a plaintiff must present “positive evidence” of the existence of the condition prior to the accident. Sheffie, 134 So.3d at 84; Barrios v. Wal-Mart Stores, Inc., 00-2138 (La.App. 1 Cir. 12/28/01), 804 So.2d 905, 907, unit denied, 02-0285 (La.3/28/02), 812 So.2d 636. Though there is no bright-line time period, a plaintiff must show that “ ‘the condition existed for such a period of time....’” and that the defendant should have noticed the defect in exercising reasonable care. Sheffie, 134 So.3d at 84, citing White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, 1084.
In support of its motion for summary judgment, Winn-Dixie attached plaintiffs deposition testimony to demonstrate that plaintiff cannot meet her burden of proof as to the notice requirement under La. R.S. 9:2800.6. Specifically, in her deposition, plaintiff testified that she did not see the liquid prior to her fall and that she had no knowledge of how long the liquid had been on the floor prior to her fall.
|9In opposition to the motion for summary judgment, plaintiff attached the affidavit of Joshua Allison, a law clerk with plaintiffs counsel’s office, attesting to his August 23, 2013 site inspection of the Winn-Dixie store. The affidavit does not contain any support to prove that, on the *154 date of the accident, the alleged cause of plaintiffs fall (the clear liquid) remained on the floor for a period of time sufficient to create constructive notice as required under La. R.S. 9:2800.6. Further, although the affidavit attests that the location where plaintiff slipped and fell was within feet of the cashier registers and customer service desks, La. R.S. 9:2800.6 specifically provides that an employee’s presence in the vicinity of the accident alone is not sufficient to prove constructive notice. Mr. Allison’s affidavit does not meet plaintiffs burden of proof concerning the temporal element required under La. R.S. 9:2800.6.
Plaintiff further attached discovery responses to her opposition to the motion for summary judgment. Plaintiffs discovery responses indicate that, after her fall, a cashier notified a store manager of the accident and that, prior to the accident, there were no wet floor signs in the area. The discovery responses introduced into evidence at the summary judgment hearing do not provide any factual basis to prove constructive notice as required under La. R.S. 9:2800.6.
Upon review of the record in this matter, we find that Winn-Dixie, in its motion for summary judgment, pointed out an absence of factual support for one element of plaintiffs claim, i.e., that Winn-Dixie either created or had actual or constructive notice of the alleged hazardous condition as required under La. R.S. 9:2800.6. Thereafter, plaintiff failed to put forth any evidence to demonstrate that she would be able to satisfy her evidentiary burden at trial. Accordingly, we find the trial court was correct in granting Winn-Dixie’s motion for summary judgment.
|1f)Although not specifically delineated as an assignment of error, plaintiff argued at the trial court level and on appeal that the trial court prematurely ruled on the motion for summary judgment before discovery was completed. This Court has found that “[t]here is no absolute right to delay an action on a motion for summary judgment until discovery is completed.” Flowers, 99 So.3d at 702. “Under C.C.P. art. 967, a trial judge clearly has the discretion to issue a summary judgment after the filing of affidavits, or the judge may allow further affidavits or discovery to take place.” Id. (citations omitted).-
Our review of the record reflects that this litigation commenced on December 19, 2011, with the filing of plaintiffs petition. Winn-Dixie filed its motion for summary judgment on August 2, 2013, and the motion was heard on September 26, 2013, nearly two years after the filing of plaintiffs original petition. In this case, plaintiff had ample opportunity to complete discovery. Furthermore, there is no evidence in the record to demonstrate that plaintiff filed a motion to continue the summary judgment hearing to request additional time to conduct discovery. We find plaintiffs argument without merit.
Plaintiff also seeks review of the trial court’s denial of her motion for new trial. Following the trial court’s grant of summary judgment in favor of Winn-Dix-ie, plaintiff filed a motion for new trial asserting that the summary judgment was contrary to the law and evidence; that plaintiff, since the summary judgment hearing, had discovered new evidence sufficient to defeat Winn-Dixie’s summary judgment; and that the granting of a new trial would be in the interest of justice under the facts of this case.
A motion for new trial should be granted when the disputed judgment is clearly contrary to the law and evidence and, in any case, if there are good grounds therefor or when a party has discovered evidence important to her case which she Incould not *155 have obtained during the proceedings with due diligence. La. C.C.P. arts.1972 and 1973; Raburn v. Williams, 34,718 (La.App. 2 Cir. 5/9/01), 786 So.2d 955, 960.
The moving party bears the burden of proving that there are adequate grounds for a new trial. Dragon v. Schultz, 97-664 (La.App. 5 Cir. 1/14/98), 707 So.2d 1274, 1276. When a claim is made that a new trial is warranted due to newly discovered evidence, there must be a clear showing, not only that the evidence was discovered after the conclusion of the proceedings, but that every reasonable and diligent effort was made to procure it before the proceedings. Raburn, 786 So.2d at 961.
A trial court is afforded great discretion in granting a new trial, and its decision denying a motion for new trial will not be disturbed “unless there has been a clear abuse of discretion.” BFH v. First Nat. Bank USA, 13-904 (La.App. 5 Cir. 5/14/14), 147 So.3d 730; Martinez v. Lagos, 13-887 (La.App. 5 Cir. 5/21/14), 142 So.3d 231, 238.
In this case, plaintiff filed a motion for new trial asserting that she had discovered new evidence — not available prior to the summary judgment hearing — to defeat Winn-Dixie’s motion for summary judgment. In support of her motion, plaintiff attached additional documentation not submitted previously in connection with the motion for summary judgment. Plaintiff attached Pam Dupre’s undated affidavit as well as her July 3, 2012 written statement. Plaintiff also attached two undated written statements of two additional witnesses, E. Dupre[5] and Lashante Coleman.
Pam Dupre’s undated affidavit stated that she was present in the store and witnessed plaintiff slip in a puddle of water on the floor in the freezer aisle. Ms. |12Pupre attested that there were “several Winn-Dixie employees in the vicinity of where Ms. Burns slipped.” She further attested that, after plaintiff slipped and fell, a Winn-Dixie employee expressed concern as to the lack of wet floor signs in the area because the “freezer had been leaking for quite a while.”
Ms. Dupre’s written statement, dated July 3, 2012, stated that she witnessed plaintiff slip and fall in the freezer aisle and that she immediately attended to plaintiff and notified an employee. The July 3, 2012 statement further stated that one employee indicated that the freezer had “been leaking.” The written statements of the other two witnesses stated that they were in the check-out line at the front of the store when they witnessed plaintiff slip and fall. Each further stated that no wet floor signs were in the area prior to the fall.
Winn-Dixie filed an opposition to plaintiffs motion for new trial. In its opposition, Winn-Dixie argued that the additional evidence presented in connection with plaintiffs motion for new trial was not newly discovered evidence and that plaintiff, had she exercised due diligence, could have discovered the evidence prior to the summary judgment hearing. Winn-Dixie argued that plaintiff, in exercising due diligence, should have been able to obtain the affidavit of Ms. Dupre, her former daughter-in-law who was allegedly with plaintiff on the date of the accident, prior to the hearing on its motion for summary judgment.
The record reflects that Pam Dupre’s statement is dated July 3, 2012, and that plaintiff, in her February 4, 2013 deposition, testified that Pam Dupre is her former daughter-in-law who aided her imme *156 diately after her fall.[6] Further, | ^plaintiffs July 13, 2012 Answers to Interrogatories demonstrate that she knew the identities of the three witnesses to the accident at the time she responded to discovery. We find that the record supports a finding that plaintiff, through the exercise of due diligence, could have obtained Pam Dupre’s affidavit prior to the September 26, 2013 hearing on its motion for summary judgment.[7]
As to the written statements, of the witnesses, Winn-Dixie argued that the statements are unsworn and, thus, could not be considered by the trial court. “A document which is not an affidavit or sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality to be given weight in determining whether or not there remain genuine issues of material fact.” Premier Restaurants, Inc. v. Kenner Plaza Shopping Ctr., L.L.C., 99-1310 (La.App. 5 Cir. 8/29/00), 767 So.2d 927, 932-33. We find that the trial judge did not err in refusing to consider the unsworn and unverified written statements submitted in connection with plaintiffs motion for new trial.
In her motion for new trial, plaintiff further argued that the “temporal” element of constructive notice is not an indispensable element required under La. R.S. 9:2800.6 in a case in which the facts show that store employees were in the area at the time of the plaintiffs accident.
The Louisiana Supreme Court has clearly set forth the requirements under La. R.S. 9:2800.6 to include a temporal element when a plaintiff attempts to prove constructive notice of an unreasonably dangerous condition:
The requirement of Section (B)(2) is that the merchant created or had actual or constructive notice of the condition prior to the occurrence. 1uThat is clear and unambiguous. Constructive notice, at issue here, is defined by Section (C)(1). The definition is likewise clear and unambiguous. There is a temporal element included: “such a period of time ...” The statute does not allow for the *157 inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.
Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.6/30/00), 764 So.2d 37, 40, citing White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081.
We find no merit to plaintiffs argument that the temporal element is not an indispensable element to prove constructive notice under La. R.S. 9:2800.6(B). The statute specifically defines the term constructive notice and states that “ ‘[c]on-structive notice’ means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.” La. R.S. 9:2800.6(C)(1). The sentence immediately following provides, “[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.” Id. The second sentence of La. R.S. 9:2800.6(0 clarifies that the mere presence of an employee in the vicinity of the accident does not satisfy the requirements to prove constructive notice without additional evidence that the employee “knew, or in the exercise of reasonable care should have known, of the condition.”
We find that plaintiffs argument lacks merit and that she was required, under La. R.S. 9:2800.6, to put forth sufficient evidence to show that she would be able to meet her burden to prove that Winn-Dixie either created or had actual or constructive notice of the alleged hazardous condition. As explained by the |1sLouisiana Supreme Court in Babin, supra, a plaintiff who relies on constructive notice, as in this case, is required to prove that the condition existed for a period of time prior to the accident, i.e., the “temporal element.” As discussed above, plaintiff, in opposition to Winn-Dixie’s motion for summary judgment, failed to put forth sufficient evidence to prove the temporal element required under La. R.S. 9:2800.6.

CONCLUSION

For the reasons provided herein, we find that the trial judge did not abuse his discretion in denying plaintiffs motion for new trial. We further find that the trial court properly granted summary judgment in favor of Winn-Dixie and we affirm that judgment.

AFFIRMED

. Plaintiff also named Sedgewick Claims Management Services, Inc. as a defendant in her petition. However, on February 1, 2012, Sedgewick, the third-party claims administrator, was voluntarily dismissed from the litigation.

. La. R.S. 9:2800.6 provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3)The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safely procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) "Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
(2)' "Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669,2317,2322, or 2695.

. Mr. Allison further attested that, during his August 23, 2013 visit, he noticed "potentially slippery items,” including multiple pieces of saran wrap and a cotton baby bib; in the same aisle where plaintiff slipped on August 5, 2011. Mr. Allison observed two employees and a manager walk down the aisle where plaintiff slipped within a 30 minute time frame. Mr. Allison observed only the manager pick up one of the potentially slippery items (the cotton baby bib).

. The record also contains a second identical judgment, dated February 24, 2014, denying plaintiffs motion for new trial.

. The first name of E. Dupre is not clearly legible in the record.

. In brief to this Court, plaintiff's counsel asserts that he attempted to contact Ms. Dupre on multiple occasions. Counsel asserts that he visited Ms. Dupre's home and attempted to contact her at work and by phone but that the telephone numbers for Ms. Dupre, provided by his client, had all been disconnected. Plaintiff's brief asserts that Ms. Dupre is a middle-aged, indigent single mother who did not have personal transportation and could not afford a telephone landline or mobile phone service. Plaintiff's counsel asserts that these actions satisfy the "due diligence” requirement to mandate a new trial under La. C.C.P. art. 1972. However, our review of the record reflects that plaintiff did not provide this factual basis for consideration to the trial court at the hearing on the motion for new trial. In plaintiff's written motion for new trial, she asserts a conclusory allegation that she exercised due diligence but does not provide any factual basis to support the allegation. We find that the detailed facts alleged in plaintiff's appellate brief to this Court' — to support her argument that she exercised due diligence in obtaining Pam Dupre's affidavit — are not part of the record on appeal and cannot be considered by this Court.

. The record further reflects that Winn-Dix-ie's August 3, 2012 Answers to Interrogatories provided the names of three potential Winn-Dixie employees/fact-witnesses who were never deposed. It further reflects that there is a video surveillance recording of the accident at issue. That recording was not produced in support of or in opposition to the motion for summary judgment. Winn-Dixie's responses to plaintiff’s Request for Production of Documents reflects that it objected to production of the video footage. However, the record does not reflect that plaintiff's counsel filed a motion to compel production of the video footage or took any further steps to obtain the video footage referenced in Winn-Dixie’s Answers to Interrogatories propounded by plaintiff.