FREDERICKA HOMBERG WICKER, Judge.
bln this writ application, relators, the City of Gretna (“the City”) and its insurer, OneBeacon America Insurance Company, seek review of the trial court’s denial of their motion for summary judgment. For the following reasons, we grant this writ of review but deny relief.

Facts and Procedural History

On May 29, 2013, respondent, Darlene Schexnayder, filed a petition for damages against the City and its insurer in the Twenty-Fourth Judicial District Court.[1] In her petition, respondent alleged that on or about May 29, 2012, she was walking across a “grassy quad” in front of the Second Parish Court building in Gretna, Louisiana, when she stepped into a hole, causing her to fall and sustain bodily injuries. Respondent alleged that the City negligently removed a parking meter from the area and failed to alert pedestrians of the exposed hole created by the parking meter’s removal.
lüOn December 29, 2015, relators filed a motion for summary judgment asserting that respondent had failed to produce any factual support showing that the City had notice of the allegedly defective condition causing respondent’s injuries, as required by La. R.S. 9:2800. Relators attached to their motion for summary judgment photos of the accident area, respondent’s deposition testimony and interrogatory responses, and affidavits from Daniel R. Lasyone, Director of Public Works for the City, and Karl Caldwell, a foreman with the Department of Public Works for the City.
In their memorandum in support of summary judgment, relators pointed to respondent’s deposition testimony wherein she testified that she was unaware of any facts or witnesses to support her allegation that the City had notice of the hole prior to her fall and that she had no personal knowledge regarding the creation of the hole. Relators also pointed to respondent’s interrogatory responses wherein she stated that neither she nor anyone else to her knowledge communicated with employees of the City prior to or after the fall *167 regarding the incident or the allegedly defective condition. Relators further supported their motion with the affidavits of Daniel R. Lasyone and Karl Caldwell, who collectively averred that, prior to respondent’s accident, the City received no complaints or reports about the condition-of the area in which the hole was allegedly located and that the City removed parking meters in the area but immediately -filled any and all holes created by the removal of parking meters.
On or about February 29, 2016, respondent filed an opposition to relators’ motion for summary judgment arguing that summary judgment was precluded by the existence of genuine issues as to whether the City created the allegedly defective condition when it removed the parking meter and whether the City knew or should have known of the allegedly defective condition, Attached to her | opposition, respondent included photos, taken shortly after the accident, of the accident area and the alleged hole, a photo, from Google Maps’ “streetview,” depicting the accident area prior to the removal of the parking meters, deposition testimony of Karl Caldwell, deposition testimony of Cornell Harrison and Albert Chauvin, Sr., laborers for the City, and deposition testimony of Daniel R. La-syone. Respondent asserted that the testimony of the City employees regarding the placement of the parking meters prior to their removal corroborated her account of the accident and demonstrated that the City created the hole in question and had actual notice of its existence. Respondent further argued that deposition testimony from the City employees, to the effect that no employees ever returned to the accident area to inspect the condition of the filled parking meter holes, demonstrated that the City should have known of the allegedly defective condition.
On Mareh 4, 2016, relators filed a reply memorandum in support of their motion for summary judgment, repeating their arguments that respondent had failed to set forth evidence that the City created or had actual or constructive notice of the allegedly defective condition.
On March 8, 2016, relators’ motion for summary judgment was heard and denied in open court by Judge Stephen C. Grefer. On March 16, 2016, Judge Grefer signed a written judgment denying the motion for summary judgment. Relators’ timely writ application followed.

Law and Analysis

Appellate courts review the granting of a summary judgment de novo using the same criteria .governing the trial court’s consideration of whether summary judgment is appropriate. Burns v. Sedgwick Claims Mgmt. Servs., 14-421 (La.App. 5 Cir. 11/25/14), 165 So.3d 147; Prince v. K-Mart Corp., 01-1151 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248; Duncan v. U.S.A.A. Ins. Co., 06-363 (La. 11/29/06), 950 So.2d 544, 547. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).
The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the ad *168 verse party’s claim, action, or defense. Id. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that' the mover is not entitled to judgment as a matter of law. Id.
Under La. R.S. 9:2800, in order to prove a public entity is liable for damages caused by a.thing, the plaintiff must establish: (1) custody or ownership of the defective thing by the public entity; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation. Chambers v. Vill. of Moreauville, 11-898 (La.1/24/12), 85 So.3d 593, 597.
The defect alleged by respondent in this case was a hole in a grassy median area within the City’s custody or ownership. In their motion for summary judgment, relators attempted to point out to thé trial court the absence of facts showing that the City had actual or constructive notice of the alleged hole, an element essential to respondent’s claims against the City.
| r.Upon review of relators’ motion, mem-oranda, and supporting documents, we find that relators failed to establish an absence of genuine factual issues as to whether the City had actual or constructive knowledge of the alleged hole. Though the affidavits of the City’s employees, attached to rela-tors’ motion, show that the affiant-employ-ees did not have actual, personal knowledge of the allegedly defective condition, they fail to establish the absence of genuine issues as to whether other employees or officers of the City had actual notice.
Moreover, relators failed to. meet their burden of establishing that the City had no constructive knowledge of the alleged hole. It is undisputed that on January 10, 2012, the City removed parking meters from the area in the vicinity of respondent’s alleged accident. As evidence that they had no constructive knowledge of the alleged hole, relators pointed to the lack-of prior complaints or reports regarding the hole and to the affidavit of Karl Caldwell, .who attested that all holes created during the removal of the parking meters were filled immediately after removal.
Constructive knowledge can be found if the condition which caused the injury existed for such a period of time that the defendant, in the exercise of due diligence and ordinary care, must have, known of the problem and could have guarded the public from injury. Carreras v. Jefferson Parish Hosp. Serv., 11-1163 (La.App. 5 Cir. 5/22/12), 96 So.3d 566, 570. In their documentation supporting their motion for summary judgment, relators established that at the time Karl Caldwell left the accident area, the holes created by removal of the parking meters were filled. However, relators failed to establish that the condition of the accident area remained free of any defect after City employees completed their work there. Additionally, respondent attached to her opposition memorandum photos which demonstrate a genuine dispute as- to whether the hole created by the City’s removal |7of the parking meters was ever successfully filled. Thus, we find there is a genuine issue as to the length of time the allegedly defective condition existed and thus relators failed to meet their burden of proving that the City had no constructive knowledge of the alleged hole. Accordingly, we find that relators failed to meet their burden of proving the absence *169 of genuine issues as to any essential element of respondent’s claims.

Conclusion

Upon- review, we find no error in the trial court’s denial of relators’ motion for summary judgment. Accordingly, although the writ application is granted, relief is denied.

WRIT GRANTED; RELIEF DENIED

. In her petition, respondent also named Jefferson Parish and its insurer as defendants but subsequently dismissed her claims against them.