ARTHUR TRUITT, INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATES OF
THE MINOR CHILDREN DEREK TRUITT,
SHAUNDA TRUITT, AND DAVONTE TRUITT
AND BRENDA TRUITT

VERSUS

GRACO, INC., GRACO, INC. OF
MINNESOTA, AND MICHAEL J.
MCALVANAUGH, M.D.

NO. 19-CA-121

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 499-621, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

November 20, 2019

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**AFFIRMED**
    **MEJ**
    **SJW**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLANT,
ARTHUR TRUITT, INDIVIDUALLY AND AS ADMINISTRATOR OF THE
ESTATES OF THE MINOR CHILDREN DEREK TRUITT, SHAUNDA
TRUITT, AND DAVONTE TRUITT AND BRENDA TRUITT
    Jack H. Tobias

COUNSEL FOR DEFENDANT/APPELLEE,
GRACO, INC.
    Lynn M. Luker

**JOHNSON, J.**

Plaintiffs/Appellants, Arthur Truitt, individually and as administrator of the estates of the minor children, Derek Truitt, Shaunda Truitt, and Davonte Truitt, and Brenda Truitt, appeal the judgment that found their action was abandoned and dismissed it in favor of Defendant/Appellee, Graco, Inc. (hereinafter referred to as "Graco"), from the 24th Judicial District Court, Division "L," and the subsequent denial of their motion to set aside and vacate the judgment of dismissal and motion for new trial.  For the following reasons, we affirm the trial court's judgments.

## FACTS AND PROCEDURAL HISTORY

The pertinent facts for this appeal are as follows.

On October 4, 1996, Appellants filed a petition against Graco, Graco, Inc. of Minnesota, and Dr. Michael J. McAlvanaugh, alleging they incurred damages when Mr. Truitt suffered injuries resulting from the use of an airless spray paint gun and the subsequent treatment of those injuries.[1]  Years later, in 2000, Avondale Industries, Inc. (hereinafter referred to as "Avondale") was served with a notice of deposition for records by Appellants, seeking information regarding the spray gun and personnel information for Mr. Truitt.  At that time, Avondale was not a party to the action.  However, in 2002, Avondale filed a petition for intervention, seeking reimbursement for payments made on behalf of Mr. Truitt for medical benefits and indemnity payments.  Over the years, the matter had been set for trial on a number of occasions, but the trial was continued each time.

Graco filed an *ex parte* motion to dismiss for abandonment on October 23, 2017.  In its motion, Graco alleged that Appellants' action was abandoned because they failed to take a step in the prosecution of the action for a period of greater than three years and the action was considered abandoned on October 16, 2017.  Graco

---

[1] Dr. McAlvanaugh was dismissed from the action on August 28, 2002, pursuant to a voluntary motion for dismissal filed by Appellants.

attached a copy of a letter dated October 16, 2014 from attorney Richard Vale addressed to Appellants' attorney, stating that responses to the second request for admissions were enclosed with the letter; Mr. Vale did not recall his law firm having possession of the spray gun at any time; and Mr. Vale's client was not a party to the matter.[2] The trial court granted Graco's motion on October 23, 2017.

The next month, on November 30, 2017, Appellants filed a motion to set aside judgment of abandonment. Appellants argued that Avondale was purchased by Northrop Grumman Ship Systems, Inc. (hereinafter referred to as "Northrop Grumman"), and the attorney for Northrop Grumman, Richard Vale, responded to Avondale's outstanding notice of records of deposition for records on October 22, 2014, which constituted a step in the defense of the matter. Appellants attached a letter dated October 22, 2014 from Mr. Vale to its motion. Because October 22, 2017 fell on a Sunday, Appellants further argued that their action could not have abandoned until October 24, 2017, and the action had not been abandoned on the day Graco filed its motion for abandonment because it was filed one day early. Appellants contended that Graco's premature filing of its motion to dismiss for abandonment was actually a step in the defense of the case.

Graco opposed Appellants' motion to set aside judgment by arguing that Mr. Vale's client, Huntington Ingalls Incorporated, was not a party to the lawsuit at the time the October 22, 2014 letter was sent because it had previously dismissed its petition for intervention. Graco also argued that the October 22nd letter was not formal discovery and was not a step in the prosecution or defense of the case because it was not served on all of the parties.

Appellants' motion to set aside judgment was heard on April 30, 2018. At the conclusion of the hearing, the trial court denied Appellants' motion. A written

---

[2] The letter did not indicate who Mr. Vale represented. Nevertheless, the enclosed responses indicated they were on behalf of Huntington Ingalls Incorporated (Avondale Operations), formerly known as Northrop Grumman.

judgment denying the motion was rendered on the same day. Appellants filed a motion for new trial[3] on May 9, 2019. In their motion, Appellants reasserted their argument that the October 22, 2014 letter from Mr. Vale was a response to formal discovery and was a step in the defense of the action. They further reasserted the argument that Graco's premature filing of its motion to dismiss for abandonment interrupted abandonment and was also considered a step in the defense of the action. Appellants' motion for new trial was denied by the trial court on July 9, 2018. The instant devolutive appeal followed.

**ASSIGNMENTS OF ERROR**

On appeal, Appellants allege the trial court committed manifest error in: 1) failing to grant their motion to set aside and vacate the judgment of dismissal, and 2) denying their motion for rehearing.

**LAW AND ANALYSIS[4]**

Appellants allege the trial court committed manifest error by failing to grant their motion to set aside and vacate the judgment of dismissal. They contend that counsel for Northrop Grumman, Richard Vale, responded to a notice of records deposition on October 22, 2014. Because October 22, 2017 fell on a Sunday, Appellants argue that abandonment of the matter could not have occurred until October 23, 2017, which was the same date Graco filed its motion for abandonment. As a result, Appellants maintain that Graco's October 23rd motion was prematurely filed, and the motion interrupted the abandonment period. Thus, Appellants assert their motion for new trial should have been granted.

In response, Graco contends that the trial court's judgment should not be disturbed. It argues that the October 22, 2014 response relied upon by Appellants was sent by an attorney representing a non-party to the lawsuit. Consequently,

---

[3] Appellants actually titled the pleading "Motion for Rehearing;" however, we will refer to it as a motion for new trial.
[4] The assignments of error are interrelated and will be discussed jointly.

Graco maintains that the October 22nd letter does not qualify as a "step" in the prosecution or defense of the case. Graco further argues that the October 22nd letter does not constitute a step in the matter because it was not served on all parties, as required by La. C.C.P. art. 561(B).

In this appeal, Appellants raise the denial of their motion for new trial as an error of the trial court. The denial of a motion for new trial is an interlocutory judgment, which is not appealable. *9029 Jefferson Highway, L.L.C. v. S&D Roofing, LLC*, 15-686 (La. App. 5 Cir. 2/24/16); 187 So.3d 522, 524, citing *Burns v. Sedgwick Claims Mgmt. Servs.*, 14-421 (La. App 5 Cir. 11/25/14); 165 So.3d 147, 151. The denial of a motion for new trial is reviewable only under the appellate court's supervisory jurisdiction for abuse of discretion. *Id.* Thus, an appeal from the order denying a new trial, rather than from the judgment from which the new trial is sought, is improper. *Id.* However, the Louisiana Supreme Court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant's brief that he intended to appeal the merits of the case. *Roubion Shoring Company, LLC v. Crescent Shoring, L.L.C.*, 16-540 (La. App. 5 Cir. 5/17/17); 222 So.3d 921, 924, citing *Smith v. Hartford Acc. & Indem. Co.*, 254 La. 341, 223 So.2d 826, 828-29 (1969). It is obvious from Appellants' brief that they intended to appeal the April 30, 2018 judgment, which denied their motion to set aside judgment. Thus, we will address the merits of that judgment.

Before determining whether Graco's motion for abandonment was prematurely filed, we will first determine whether the October 22, 2014 letter at issue was a step in the prosecution or defense of the matter.

Pursuant to La. C.C.P. art. 561, an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three

years.[5]   Abandonment shall be operative without formal order; however, on the *ex parte* motion and affidavit of any party or other interested person that no step has been taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.  *Id.*  Any formal discovery authorized by the Louisiana Code of Civil Procedure and served on all parties—whether or not filed of record—including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.  *Id.*  Once abandonment occurs, action by the plaintiff cannot breathe new life into the suit.  *Lacassagne v. Oster Development, Inc.*, 16-596 (La. App. 5 Cir. 3/15/17); 215 So.3d 914, 917.

Article 561 imposes three requirements to avoid abandonment: 1) a party must take some "step" in the prosecution or defense of the action; 2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and 3) the step must be taken within three years of the last step taken by either party.  *Louisiana Dep't of Transp. & Dev. V. Oilfield Heavy Haulers, L.L.C.*, 11-912 (La. 12/6/11); 79 So.3d 978, 981, citing *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01); 785 So.2d 779, 784.  Sufficient action by either plaintiff or defendant will be deemed a step.  *Id.*  A "step" is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery.  *Id.*, citing *James v. Formosa Plastics Corp. of La.*, 01-2056 (La. 4/3/02); 813 So.2d 335, 338.  Extrajudicial efforts, such as informal discussions and correspondence between the parties, have uniformly been considered insufficient to constitute a step for purposes of interrupting or waiving abandonment.  *Clark*, 785 So.2d at 790; *See also*, *Compensation Specialties, L.L.C. v. New England Mut. Life Ins. Co.*, 08-1549 (La. App. 1 Cir. 2/13/09); 6 So.3d 275, 281, *writ denied*, 09-575 (La. 4/24/09); 7 So.3d

---

[5] La. C.C.P. art. 561 provides exceptions for certain succession proceedings.

1200.

La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit. *Nunez v. Burgos*, 16-568 (La. App. 5 Cir. 3/15/17); 215 So.3d 931, 934. Abandonment is not meant to dismiss actions on mere technicalities but to dismiss actions which, in fact, clearly have been abandoned. *Id.*

In the case at bar, Appellants claim that Mr. Vale's October 22, 2014 letter was a step in the defense of the case. The letter at issue, which was admitted into evidence at the motion hearing, simply states,

> As you know, I recently responded to your Requests for Admissions. I do not recall ever having the gun and made a diligent search to confirm that we don't have the gun.
>
> If you will recall, Bill Vincent was the attorney who represented Mr. Truitt in the compensation case. Perhaps, he has the gun. I suggest you contact him.

The letter was solely addressed to the attorney for Appellants, and no evidence was presented to prove that the letter was served on any other party in the matter. It is unclear from the record whether Northrop Grumman was a party to the action at the time Mr. Vale's letter was sent.[6] Because there is evidence in the record that Avondale filed a petition for intervention but there is no evidence that the petition on behalf of Avondale was ever dismissed, we must presume that Northrop Grumman was still a party to the action at the time Mr. Vale sent the October 22nd letter to Appellants' attorney.

Despite Appellants' argument, we find that the October 22, 2014 letter was not a response to a notice of deposition. A plain reading of the letter clearly shows that it was an informal correspondence between Appellants and Northrop Grumman. Accordingly, we find that the October 22nd letter was an extrajudicial correspondence and was insufficient to constitute a step for purposes of

---

[6] In a letter dated October 14, 2014, Mr. Vale pointedly explained that he was responding to Appellants' request for admissions, even though Northrop Grumman was not a party to the matter. However, there is no proof in the record that Avondale's petition for intervention had been dismissed.

interrupting abandonment.

Even if we were to consider the October 22, 2014 letter to be formal discovery, there was no evidence presented that the letter was served on all of the parties. La. C.C.P. art. 561(B) provides that any formal discovery as authorized by the Code and served on all parties whether or not filed of record shall be deemed to be a step in the prosecution or defense of an action. In *Paternostro v. Falgoust*, 03-2214 (La. App. 1 Cir 9/17/04); 897 So.2d 19, 23, *writ denied*, 04-2524 (La. 12/17/04); 888 So.2d 870, the Louisiana First Circuit explained that

> the exception to the formal action requirement, found in La. C.C.P. art. 561(B), only applies to formal discovery that is authorized by the Code **and** served on all parties. This requirement of service is in keeping with the concept of notice, which the supreme court recently addressed as follows: The rule is intended to ensure notice to the defendant of actions taken that interrupt abandonment. Otherwise, actions interrupting abandonment could occur without opposing parties formally learning of them for months or years, to their possible prejudice. (Emphasis in original)(Internal citations omitted).

Like the First Circuit, we find that, in order to ensure notice to a defendant of actions taken that interrupt abandonment, all parties must be served with the formal discovery. Thus, we hold that the October 22nd letter was insufficient to interrupt abandonment because it was not served on all of the parties to the instant action.

Therefore, we do not find that the trial court was manifestly erroneous in denying Appellants' motion to set aside and vacate the judgment of dismissal and motion for rehearing. Based upon the record before us, we further find that the last step in the prosecution or defense of the matter occurred on October 16, 2014, and abandonment had become operative when Graco filed its motion to dismiss for abandonment.

## DECREE

For the foregoing reasons, we affirm the trial court's judgments in favor of Graco, Inc. and against Arthur Truitt, individually and as administrator of the estates of the minor children, Derek Truitt, Shaunda Truitt, and Davonte Truitt, and

Brenda Truitt.  Appellants are to bear the costs of this appeal.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 20, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-121

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
JACK H. TOBIAS (APPELLANT)          LYNN M. LUKER (APPELLEE)          BENJAMIN P. KAHN (APPELLEE)
PAMELA NOYA MOLNAR (APPELLEE)

### MAILED
RICHARD S. VALE (APPELLEE)
WILLIAM C. CRUSE (APPELLEE)
ATTORNEYS AT LAW
3421 NORTH CAUSEWAY BOULEVARD
SUITE 900
METAIRIE, LA 70002